```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
STANLEY DAVIS,
                                                                          For Online Publication Only
                            Plaintiff,
                                                                          ORDER
            -against-                                                     21-CV-00456 (JMA)

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
----------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Plaintiff Stanley Davis ("Plaintiff") seeks review of an unspecified administrative decision by the Commissioner of Social Security ("Defendant" or "Commissioner"). Before the Court is the Commissioner's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56 on grounds that Plaintiff has failed to exhaust his administrative remedies. (ECF No. 24-1.) Because the Court finds that Plaintiff has failed to exhaust his administrative remedies, the Commissioner's motion to dismiss is GRANTED.

## I. BACKGROUND

Plaintiff filed his application for SSI benefits on January 7, 2015. After Plaintiff's claim was initially denied, he requested a hearing before an administrative law judge (ALJ), and, on May 16, 2019, following a hearing, the ALJ issued a fully favorable decision. (See ECF No. 24-2, Declaration of Lesha Cowell at ¶¶ 3(a)-(b)).

On June 26, 2019, the Social Security Administration ("SSA" or "Agency") notified Plaintiff that although an ALJ had ruled that he met the disability requirements for Supplemental Security Income ("SSI"), upon review of his claim, he was not due any past SSI payments. (See ECF No. 24-3, Declaration of Andrea Wilder (Wilder Decl.) at ¶ 2(a)). Plaintiff challenged the

SSA's determination and filed a request for reconsideration. (See Id. at ¶ 2(a)). After a lengthy dispute regarding adjustments to his SSI benefits and requests for reconsideration of his financial status, Plaintiff commenced this instant action on January 25, 2021. (See, generally, Id.)

On March 22, 2021, Plaintiff requested a hearing by an administrative law judge. (See Wilder Decl. at ¶ 2(m)). The Commissioner states that Plaintiff's request was initially misrouted and was later discovered and processed by the appropriate office. (Id.) On May 3, 2022, the Commissioner filed a motion to dismiss on the basis that Plaintiff had not exhausted his administrative remedies or received a reviewable decision from the Commissioner. (ECF No. 24.) On August 26, 2022, Plaintiff filed a letter opposing the Commissioner's motion and requesting a stay in this matter in light of his administrative law judge hearing scheduled for September 28, 2022. (ECF No. 25.)

## II.  LEGAL STANDARDS

### A. Subject Matter Jurisdiction Over SSA Appeals

The Social Security Act authorizes judicial review of final decisions made by the Commissioner. 42 U.S.C. § 405(g). The "final decision" requirement has two elements: first, a claim for benefits must have been presented to the Commissioner; and second, the SSA remedies must have been exhausted. Abbey v. Sullivan, 978 F.2d 37, 43 (2d Cir. 1992) (citing Bowen v. City of New York, 476 U.S. 467, 483 (1986)).

An SSI applicant has received a final decision if he has proceeded through four steps: (1) received an initial eligibility determination; (2) requested reconsideration of that determination; (3) requested a hearing before an ALJ; and (4) requested that the Appeals Council review the ALJ's decision. See 20 C.F.R. § 416.1400(a)(1-5) (Title XVI administrative remedies). Once the Appeals Council issues a final decision, the plaintiff may seek federal district court review of that

final decision. See 20 C.F.R. § 404.900(a)(5); see also 20 C.F.R. § 416.1400(a)(5); see also Sims v. Apfel, 530 U.S. 103, 107 (2000). If a complaint does not demonstrate that a final decision exists, then the Court lacks subject matter jurisdiction over the SSA determination. See Weinberger v. Salfi, 422 U.S. 749, 764 (1975).

### III.  DISCUSSION

Upon a careful review of the record, the Court agrees with the Commissioner that Plaintiff has failed to exhaust his administrative remedies. It is undisputed that Plaintiff filed suit in this court before obtaining a final decision on the Agency's determination regarding the amount of his past SSI payments. (See ECF No. 24-1 at 10; ECF No. 1.) In his opposition, Plaintiff concedes this fact and instead requests that the Court stay this matter pending the outcome of his administrative law judge hearing scheduled on September 28, 2022. (See ECF No. 25.) However, as there is no "final decision" for judicial review the Court therefore lacks subject matter jurisdiction over this case. Accordingly, Plaintiff's request is denied as the Court lacks jurisdiction to consider such a request. See Ransom v. Comm'r, SSA, No. 4:19-CV-00709, 2020 WL 5632683 (E.D. Tex. Sept. 21, 2020) (denying plaintiff's request to continue pending final agency decision on grounds it lacked subject matter jurisdiction).

The Court also finds that this case does not constitute the "rare circumstance" that warrants waiver of the requirement to exhaust administrative remedies. Johnson v. Saul, No. 19-CV-03749, 2020 WL 1140778, at *4 (S.D.N.Y. Mar. 9, 2020) (listing the considerations including "(1) whether the claim is collateral to a demand for benefits; (2) whether exhaustion of the remedies would be futile; and (3) whether the plaintiff would suffer irreparable harm by the requirement to exhaust administrative remedies."). Accordingly, this Court lacks subject matter jurisdiction to review Plaintiff's claim under 42 U.S.C. § 405(g).

## III.  CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Dismiss is GRANTED.  The Clerk of the Court is directed to close this case.


**SO ORDERED.**

Dated:  September 21, 2022
Central Islip, New York

                                          /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE